TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00037-CR






In re Wesley Joe Jackson






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NO. 90,479, HONORABLE BOB PERKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In 1988, a jury convicted appellant Wesley Joe Jackson of the offense of aggravated
sexual assault and assessed punishment at 60 years' imprisonment. In 2004, Jackson filed a
motion for post-conviction DNA testing. The district court granted the motion and ordered the
Texas Department of Public Safety to conduct testing. Further testing was ordered on December 12,
2007.

 DPS conducted testing on the physical evidence gathered after the assault, including
vaginal swabs from the sexual assault kit and a towel used by the victim, and compared the results
to Jackson's DNA profile. In the report of its findings, DPS concluded the following:


The DNA profile from the sperm fractions of the vaginal swab and a stain from
the towel is consistent with the DNA profile of Wesley Jackson. Wesley Jackson
cannot be excluded as the contributor of the stains. The probability of selecting
an unrelated person at random who could be the source of this DNA profile is
approximately 1 in 410.7 sextillion for Caucasians, 1 in 25.60 quintillion for
Blacks,[ (1)] and 1 in 494.3 sextillion for Hispanics. To a reasonable degree of
scientific certainty, Wesley Jackson is the source of the sperm fractions of the vaginal
swab and the stain from the towel (excluding identical twins).


The partial DNA profiles from the stain from the towel packaging and the epithelial
cell fraction of the vaginal swab are consistent with the DNA profile of [the victim]. 



 On December 29, 2009, the district court entered findings of fact consistent with
the above findings by DPS. The district court concluded that "[t]he above-described DNA testing
did not yield any exculpatory results" and, "[h]ad the results of the above-described DNA testing
been available during the trial in the instant case, it is reasonably probable that the defendant would
have been convicted." See Tex. Code Crim. Proc. Ann. art. 64.04 (West 2009). This appeal
followed.

 Jackson's court-appointed attorney has filed a motion to withdraw supported by
a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements
of Anders v. California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S.
75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d
684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Jackson received a copy of counsel's brief and
has submitted a written response objecting to counsel's motion to withdraw and asserting reasons
why he does not believe the appeal is frivolous.

 We have reviewed the record, counsel's brief, and Jackson's written response
and find no reversible error. See Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009);
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the
appeal is frivolous and without merit. Counsel's motion to withdraw is granted. The district court's
order is affirmed.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: January 20, 2011

Do Not Publish

1. Jackson is an African-American male.